JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Malyfe Vaughn

**DEFENDANTS**

John Doucette

**(b)** County of Residence of First Listed Plaintiff **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Cuyahoga**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Allan J. Aigeldinger, III, Law Offices of Craig A. Altman, P.C., 19 S. 21st St., Philadelphia, PA 19103; (215) 569-4488

Attorneys *(If Known)*
William L. Thrall, III/Andrea K. Paparelli, Post & Schell, P.C., 1717 Arch St., 24th Floor, Philadelphia, PA 19103; (215) 587-1000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☒ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332; 28 U.S.C. § 1441, et seq.

Brief description of cause:
Motor vehicle collision on Interstate 76 at or near Philadelphia, Pennsylvania

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ > 75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE N/A
DOCKET NUMBER N/A

DATE
7/15/2026

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Malyfe Vaughn | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| John Doucette | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (  )


| 7/15/2026 | William L. Thrall, III | John Doucette |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 587-1192 | (215) 587-1444 | wthrall@postschell.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**


American LegalNet, Inc.
www.FormsWorkFlow.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Interstate 76 at or near Philadelphia, Pennsylvania

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? — Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? — Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? — Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? — Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. — Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☒ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF PENNSYLVANIA

MALYFE VAUGHN,

      Plaintiff,

      vs.

JOHN DOUCETTE, JOHN DOE 1-3 and
JOHN DOE CORPORATION 1-3,

      Defendants.

CIVIL ACTION

NO.:

HON.

## DEFENDANT'S, JOHN DOUCETTE, PETITION FOR REMOVAL PURSUANT TO 28 U.S.C. § 1332 AND 28 U.S.C. § 1441

Defendant, John Doucette (hereinafter "Petitioning Defendant"), by and through his attorneys Post & Schell, P.C., hereby petitions to remove the above-captioned action, which is presently in the Court of Common Pleas, Philadelphia County, June Term 2026, No. 2142, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*, and in support thereof, avers as follows:

## I.    NATURE OF ACTION

1.    This action arises out of a motor vehicle accident which occurred on August 5, 2025 while Plaintiff, Malyfe Vaughn (hereinafter "Plaintiff") was operating a vehicle that was traveling on Interstate 76 at or near the City of Philadelphia.  See a true and correct copy of Plaintiff's Complaint attached hereto and marked as Exhibit "A".  See Exhibit "A", ¶ 8.

2.    The vehicle which Plaintiff was operating was struck by a vehicle operated by Petitioning Defendant.  Id., ¶ 9.

3.    Plaintiff alleges a negligence action arising out of the collision between the vehicle operated by Plaintiff and the vehicle operated by Petitioning Defendant Id., Count I.

4.    Plaintiff alleges that she is a resident of Pennsylvania with an address of 2716 W. Cabot

Street, Apartment 2, Philadelphia, PA 19121. Id. at Caption.

7.      Petitioning Defendant is alleged to be an individual who is a citizen of Ohio with an address of 30070 Ginger Court, North Olmsted, OH 44070. Id. at Caption.

8.      Plaintiff alleges to have suffered severe and permanent injuries as a result of the accident.  See Exhibit "A", ¶ 12.

9.      Plaintiff has averred that she will require additional medical treatment as a result of the accident.  Id. at ¶ 13.

10.     Plaintiff has also averred that she has or may suffer a severe loss of earnings and impairment of earning capacity and power. Id. at ¶ 14.

11.     Plaintiff has also asserted, pursuant to Pennsylvania pleading rules, that she suffered damages in excess of $50,000, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.  See Id. at "Wherefore" paragraph.

12.     A jury could assess damages in this case in excess of the federal jurisdictional requirement for an amount in controversy needed to sustain removal.  See Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993), citing Hunt v. Washington State Apple Advertising Comm'n., 432 U.S. 333, 347 (1977).

## II.     PROCEDURAL HISTORY

13.     On or about June 16, 2026, Plaintiff filed a Complaint in the Philadelphia Court of Common Pleas in the above-captioned matter.  See Exhibit "A".

14.     Petitioning Defendant was served with Plaintiff's Complaint via certified mail on June 25, 2026. A true and correct copy of Philadelphia Court of Common Pleas docket is attached hereto and marked as Exhibit "C". See Exhibit "C".

15.     Pursuant to 28 U.S.C. § 1446(b)(2)(B), Defendant shall have thirty (30) days after

service of the Complaint to file a notice of removal.

16.     This Notice of Removal, and related papers, has been filed within thirty (30) days of the date of service of the Complaint and is, therefore, timely.

## III.     LEGAL ARGUMENT

### A.     THE PARTIES ARE COMPLETELY DIVERSE

17.     Pursuant to 28 U.S.C. § 1332, a matter may be removed to Federal Court based upon the diversity of citizenship of the parties.

18.     Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

19.     For purposes of diversity jurisdiction, state citizenship of an individual is determined by the domicile of the individual. See Chicago & N.W.R.R. v. Ohle, 117 U.S. 123 (1886).

20.     An individual's domicile is the state where his or her true, fixed, and permanent home is located and where he or she intends to return whenever absent. See Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954).

21.     In the instant matter, there is complete diversity of citizenship as Plaintiff is domiciled in Pennsylvania and Petitioning Defendant is domiciled in Ohio.

### B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

22.     Under 28 U.S.C. § 1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.00.

23.     The amount in controversy is measured by the pecuniary value of the rights being litigated. Hunt, 432 U.S. at 347.

24.     The amount in controversy is **not** measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus, 989 F.2d at 146, citing

3

Hunt, 432 U.S. at 347.

25.     The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum.  Id., see also Corwin Jeep Sales & Service v. American Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986) (finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement are worth less than the jurisdictional minimum.").

26.     In this case, Plaintiff alleges to have sustained severe and permanent injuries as a result of the accident which will require *inter alia* future medical care.  See Exhibit "A", ¶¶ 12-13.

27.     Plaintiff also alleges that that she has or may suffer a severe loss of earnings and impairment of earning capacity and power. Id. at ¶ 14.

28.     Further, Plaintiff has asserted, pursuant to Pennsylvania pleading rules, that she suffered damages in excess of $50,000, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.  See Id. at "Wherefore" paragraph.

29.     While Petitioning Defendant disputes Plaintiff's allegations, considering all of the claimed recoverable damages, a reasonable jury could value Plaintiff's losses at an amount in excess of the $75,000.00 minimum.

## IV.     CONCLUSION

30.     It is clear that there is diversity of citizenship between Plaintiff and Petitioning Defendant.

31.     Furthermore, a reasonable jury could value Plaintiff's alleged injuries and losses in an amount in excess of $75,000.00.

32.     Removal is proper under 28 U.S.C. §§ 1332 and 1441.

4

**WHEREFORE**, Defendant, John Doucette, respectfully requests that this Honorable Court find this case to have been properly removed and assume full jurisdiction of this matter.

**POST & SCHELL, P.C.**

By:

Dated:  July 15, 2026

WILLIAM L. THRALL, III. ESQUIRE
I.D. # 201834
ANDREA K. PAPARELLI, ESQUIRE
I.D. # 331666
Attorneys for Defendant John Doucette
Three Logan Square
1717 Arch Street, 24th Floor
Philadelphia, PA 19103
Phone: 215-587-1000
E-mail: wthrall@postschell.com
        apaparelli@postschell.com

**CERTIFICATE OF SERVICE**

I hereby certify that the attached Removal Package has been electronically served and filed this day to the following person(s):

Prothonotary (via electronic filing)
Philadelphia Court of Common Pleas
Philadelphia, PA 19107

Allan J. Aigeldinger, III, Esquire
Law Offices of Craig A. Altman, P.C.
19 South 21st Street
Philadelphia, PA 19103
Phone: 215-569-4488
ahjaigeldinger@hotmail.com
(Attorney for Plaintiff)

POST & SCHELL, P.C.

By:

Dated: July 15, 2026

WILLIAM L. THRALL, III. ESQUIRE
I.D. # 201834
ANDREA K. PAPARELLI, ESQUIRE
I.D. # 331666
Attorneys for Defendant John Doucette
Three Logan Square
1717 Arch Street, 24th Floor
Philadelphia, PA 19103
Phone: 215-587-1000
E-mail: wthrall@postschell.com
            apaparelli@postschell.com

EXHIBIT "A"

CRAIG A. ALTMAN, ESQUIRE

ALLAN J. AIGELDINGER, III, ESQUIRE
AJAIGELDINGER@HOTMAIL.COM

CORY A. TROBMAN, ESQUIRE
CTROBMAN@ALTMAN-LAWFIRM.COM

SAMUEL H. BURKHARDT, ESQUIRE
SBURKHARDT@ALTMAN-LAWFIRM.COM

PLEASE REPLY TO PHILADELPHIA OFFICE

LAW OFFICES

*Craig A. Altman, P.C.*

A PROFESSIONAL CORPORATION
19 SOUTH 21ST STREET
PHILADELPHIA, PENNSYLVANIA 19103

(215) 569-4488

FAX (215) 644-8049

CAMDEN CO. OFFICE
COOPER RIVER LAW BLDG.
6951 NORTH PARK DRIVE
PENNSAUKEN, NJ 08109

CUMBERLAND CO. OFFICE
SUITE 103
1173 EAST LANDIS AVENUE FRONT
VINELAND, NEW JERSEY 08360
(856) 327-8899

MEMBERS OF THE FIRM ARE
LICENSED TO PRACTICE IN
PA, NJ

June 16, 2026

**Certified & First Class Mail**
John Doucette
30070 Ginger Court
North Olmsted, OH 44070

> RE:   Vaughn v. Doucette, et al.

Dear Mr. Doucette:

Enclosed please find a time-stamped copy of the Complaint filed against you in the above-captioned matter, please send the Complaint to whom is handling this matter, either your attorney or your insurance company. Please note you have 20 days in which to file a responsive pleading or a Default Judgment can and will be filed against you.

Very truly yours,

ALLAN J. AIGELDINGER, III, ESQUIRE

AJA/tlf
Enclosures

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

JUNE 2026

E-Filing Number: 2606038131

02142

| | |
|---|---|
| PLAINTIFF'S NAME<br>MALYFE VAUGHN | DEFENDANT'S NAME<br>JOHN DOUCETTE |
| PLAINTIFF'S ADDRESS<br>2716 W. CABOT STREET APARTMENT #2<br>PHILADELPHIA PA 19121 | DEFENDANT'S ADDRESS<br>30070 GINGER COURT<br>NORTH OLMSTED OH 44070 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>JOHN DOE 1-3 |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>UNKNOWN<br>PHILADELPHIA PA 19103 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>JOHN DOE CORPORATION 1-3 |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>UNKNOWN<br>PHILADELPHIA PA 19103 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY

JUN 16 2026

G. IMPERATO

IS CASE SUBJECT TO
COORDINATION ORDER?
YES   NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>MALYFE VAUGHN</u>

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>ALLAN J. AIGELDINGER III | ADDRESS<br>19 S 21ST ST<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER    FAX NUMBER<br>(215)569-4488    (215)644-8049 | |
| SUPREME COURT IDENTIFICATION NO.<br>72739 | E-MAIL ADDRESS<br>ajaigeldinger@hotmail.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*ALLAN AIGELDINGER III* | DATE SUBMITTED<br>Tuesday, June 16, 2026, 11:19 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**LAW OFFICES OF CRAIG A. ALTMAN, P.C.**

BY: ALLAN J. AIGELDINGER, ESQUIRE, III
I.D. NO.: 72739
19 SOUTH 21ST STREET
PHILADELPHIA, PA 19103
215-569-4488

**MAJOR NON-JURY**

**ASSESSMENT OF DAMAGES IS REQUIRED**



Filed and Attested by the
Office of Judicial Records
16 JUN 2026 11:49 am
IMPERATO

**ATTORNEY FOR PLAINTIFF**

---

MALYFE VAUGHN                          :
2716 W. CABOT STREET
APARTMENT #2                           :      COURT OF PHILADELPHIA COMMON PLEAS
PHILADELPIA, PA 19121
                                       :

       VS.                             :

JOHN DOUCETTE                          :
30070 GINGER COURT                     :
NORTH OLMSTED, OH 44070
                                       :
       and                             :      COUNTY OF PHILADELPHIA

                                              CIVIL TRIAL DIVISION

JOHN DOE 1–3                           :
(UNKNOWN OWNER AND/OR OPERATOR         :
OF A MOTOR VEHICLE INVOLVED IN
THE ACCIDENT)                          :
UNKNOWN ADDRESS                        :
     and                               :

JOHN DOE CORPORATION 1–3               :
(UNKNOWN OWNER              :
OF A MOTOR VEHICLE INVOLVED IN         :
THE ACCIDENT)
UNKNOWN ADDRESS                        :

---

Case ID: 260602142

## COMPLAINT IN CIVIL ACTION

<table>
<tr><td align="center">NOTICE</td><td align="center">ADVISO</td></tr>
<tr><td>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

</td><td>

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

</td></tr>
<tr><td>

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

</td><td>

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

</td></tr>
<tr><td>

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

**PHILADELPHIA BAR ASSOCIATION**

**LAWYER REFERRAL and INFORMATION SERVICE**

**One Reading Center**

**Philadelphia, Pennsylvania 19107**

**(215) 238-6333**

**TTY: (215) 451-6197**

</td><td>

**ASSOCIACION DE LICENDIADOS DE FILADELFIA**

**SERVICIO DE REFENCIA E INFORMACION LEGAL**

**One Reading Center**

**Filadelfia, Pennsylvania 19107**

**Teléfono: (215) 238-6333**

**TTY: (215) 451-6197**

</td></tr>
</table>

1.      Plaintiff, Malyfe Vaughn, is an adult individual who, at all times relevant hereto is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

Case ID: 260602142

2.     Defendant, John Doucette (hereinafter referred to as "D1"), is an adult individual who at all times relevant hereto is a citizen and resident of the State of Ohio, residing at the address listed in the caption of this Complaint.

3.     Defendant, JOHN DOE 1-3 (hereinafter referred to as "D2"), is an adult individual, residing at the above-captioned address. The defendant's actual name is unknown to plaintiff after having conducted a reasonable search with due diligence. The designation of the defendant is fictitious. A factual description of the defendant is set forth below. A reasonable search to determine the actual name of the defendant has been conducted. Defendant, JOHN DOE 1-3 is the unknown owner and/or operator of a motor vehicle involved in the accident.

4.     Defendant, JOHN DOE CORPORATION 1-3 (hereinafter referred to as "D3"), is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principle place of business at the above captioned address. The defendant's actual name is unknown to plaintiff after having conducted a reasonable search with due diligence. The designation of the defendant is fictitious. A factual description of the defendant is set forth below. A reasonable search to determine the actual name of the defendant has been conducted.

5.     At all times material hereto, the defendant D1 and/or defendant D2, operated and controlled a 2018 Hyundai motor vehicle owned by Defendant D1 and/or defendant D2 and/or Defendant D3 (hereinafter referred to as "Defendant Vehicle").

6.     At all times material hereto, the defendant D1 and/or defendant D2 acted and/or failed to act by and through his/her/its agent, servant, workman and/or employee defendant D1 and/or defendant D2 and/or defendant D3 acting and/or failing to act in the course and scope of his/her employment.

Case ID: 260602142

7. At all times relevant hereto, Plaintiff, Malyfe Vaughn, was the operator of a 2020 Tesla. (hereinafter referred to as "Plaintiff Vehicle").

8. On or about August 5, 2025, at or about 12:00 p.m., Plaintiff Vehicle was at or near the Schuylkill Expressway aka I-76 at or near the City of Philadelphia in the Commonwealth of Pennsylvania.

9. Suddenly and without warning, defendant D1 and/or defendant D2 and/or defendant D3 negligently, carelessly and/or recklessly operated Defendant's motor vehicle in such a manner as to strike Plaintiff's vehicle.

10. As a result of the aforementioned collision, plaintiff sustained the injuries set forth below.

11. The aforementioned collision was caused by the joint and several negligence, carelessness and/or recklessness of the above captioned defendants as set forth below and was in no manner due to any act or omission on the part of plaintiff.

12. As a result of the joint and several carelessness and negligence of Defendant D1 and/or Defendant D2 and/or Defendant D3, plaintiff suffered severe and disabling injuries resulting in a serious impairment of a bodily function and permanent injuries including but not limited to neck injuries, back injuries, head injuries, head injuries, headaches, radiculopathy, pelvic sprain and strain, muscle spasms, lumbar disc herniation, excruciating physical pain and emotional anguish and a severe shock to her entire nervous system and other secondary problems and complications, the full extent of which are not yet known, some or all of which are permanent in nature.

Case ID: 260602142

13. As a further result of the joint and several carelessness and negligence of Defendant D1 and/or Defendant D2 and/or Defendant D3, plaintiff has been forced to expend and will be forced to expend in the future large and various amounts of money for hospitalization, medical care, surgical care, injections, and/or rehabilitative care to attend to, treat, alleviate, minimize and/or cure herself of the aforementioned injuries. Said amounts of money exceed the sums recoverable pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law.

14. As a further result of the joint and several carelessness and negligence of D1 and/or Defendant 2 and/or Defendant D3, Plaintiff has or may suffer a severe loss of earnings and impairment of her earning capacity and power. Said loss of earnings and/or impairment exceeds the sums recoverable pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law.

15. As a further result of the joint and several carelessness and negligence of Defendant D1 and/or Defendant D2 and/or Defendant D3, Plaintiff has been unable to follow her usual occupation and will be unable to follow same for an indefinite period of time into the future thereby losing the income which would have come to her through employment and exceeds the sums recoverable pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law.

16. As a further result of the joint and several carelessness and negligence of Defendant D1 and/or Defendant D2, and/or Defendant D3, Plaintiff has been prevented from performing his usual and daily activities and duties for an indefinite time into the future all to her great embarrassment, humiliation, detriment and loss of life's pleasures and enjoyment.

## COUNT I

**Plaintiff, Malyfe Vaughn v. John Doucette, John Doe 1-3, and John Doe Corporation 1-3**

**Negligence**

Case ID: 260602142

17.    Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

18.    The negligence, carelessness and/or recklessness of defendant consisted of the following:

   a.    Operating a motor vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of plaintiff or others;

   b.    Failing to have said vehicle under proper and adequate control;

   c.    Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking plaintiff;

   d.    Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

   e.    Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   f.    Being inattentive to defendant's duties as an operator of a motor vehicle;

   g.    Failing to maintain and keep a proper and adequate lookout;

   h.    Failing to keep an adequate distance from vehicles in the vicinity of defendant's vehicle;

i.     Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.     Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.     Failing to exercise ordinary care to avoid injuring plaintiff;

l.     Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.     Striking plaintiff's vehicle;

n.     Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.     Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.     Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.     Following too closely;

r.     Failing to make proper use of the instrumentalities in the Defendant's possession and control so as to avoid the "Collision";

s.  Failing to remain a safe distance from the Plaintiff Vehicle as the "Defendant Vehicle" proceeded along the roadway;

t.  Failing to use a reasonable degree of skill and/or care in the operation of the "Defendant Vehicle";

u.  Failing to obey the speed limit;

v.  Negligence per se, in that the Defendant violated the Laws of the Commonwealth of Pennsylvania by driving in a careless manner;

w.  Violating the ordinances and laws of the Commonwealth of Pennsylvania, and the Statutes of the Commonwealth of Pennsylvania     pertaining   to the operation and control of motor vehicles, and 75 Pa. C.S. § 3310.

x.  In other respects that may be pointed out at time of trial.

19.  As a direct result of the negligent, careless and/or reckless conduct of defendant, plaintiff suffered various severe and disabling injuries resulting in a serious impairment of bodily function and permanent injuries including, but not limited to neck injuries, back injuries, head injuries, headaches, radiculopathy, pelvic sprain and strain, muscle spasms, lumbar disc herniation, and excruciating physical pain and emotional anguish and a severe shock to his entire nervous system and other secondary problems and complications, the full extent of which are not yet know, some or all of which are permanent in nature.

20.  As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may

Case ID: 260602142

in the future, suffer great pain, emotional upset, anguish, sickness and agony, and will continue to suffer for an indefinite time into the future.

21.    As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries.

22.    As a further result of plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

23.    Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur medical, rehabilitative and other related expenses.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT II

**Plaintiff, Malyfe Vaughn, v John Doe 1-3, John Doe Corporation 1-3**

**Vicarious Liability/Negligent Entrustment/Respondeat-Superior**

24.    Plaintiff incorporates paragraphs 1 through 23 as though same were set forth herein at length.

25.    Defendant is vicariously responsible for the acts and/or omissions of its agent, servant, workman and/or employee under the doctrine of respondeat superior.

26.    The negligence, carelessness and/or recklessness of defendant consisted of the

Case ID: 260602142

following:

    a.    Negligently entrusting the Defendant Vehicle to its agent, servant, workman and/or employee, who was known to said defendant as having a propensity for negligent operation of a motor vehicle;

    b.    Negligently entrusting the Defendant Vehicle to an agent, servant, workman and/or employee who was known to said defendant as being inadequately experienced, unqualified, untrained, and/or inadequately trained in the operations of the Defendant Vehicle under the circumstances;

    c.    Failing to adequately inspect, repair, and/or maintain the Defendant Vehicle;

    d.    Failing to properly and adequately monitor and/or train its agent, servant, workman and/or employee.

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendant in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT III

### Plaintiff, Malyfe Vaughn, v John Doe 1-3, John Doe Corporation 1-3

### Property Damage

27.    Plaintiff incorporates paragraphs 1 through 26 as though same were set forth herein at length.

Case ID: 260602142

28.    As a direct result of the negligent, careless and/or reckless conduct of defendant, plaintiff's vehicle sustained extensive damage together with labor charges, towing expenses and loss of use to plaintiff's great financial detriment and loss.

29.    As a direct result of the negligent, careless and/or reckless conduct of defendant, plaintiff, the plaintiff incurred rental expenses and out-of-pocket expenses pertaining to the plaintiff's property damage loss.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**LAW OFFICES OF CRAIG A. ALTMAN, P.C.**

BY:_____
ALLAN J. AIGELDINGER, III, ESQUIRE
Attorney for Plaintiff

DATE: June 12, 2026

Case ID: 260602142

## VERIFICATION

ALLAN J. AIGELDINGER, III, being duly sworn according to law deposes and says that he is the attorney for the Plaintiff in this action and verifies that the facts contained in the foregoing pleading are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to sworn falsification to authorities.

BY:_____
ALLAN J. AIGELDINGER, III, ESQUIRE
Attorney for Plaintiff

Case ID: 260602142

# EXHIBIT "B"

Court of Common Pleas - Civil
# Civil Docket Report

🛒 No Items in Cart    → Log In

A $5 Convenience fee will be added to the transaction at checkout.

< Return to Results

 ## Case Description

| | |
|---|---|
| **Case ID:** | 260602142 |
| **Case Caption:** | VAUGHN VS DOUCETTE ETAL |
| **Filing Date:** | Tuesday , June 16th, 2026 |
| **Court:** | MAJOR NON JURY EXPEDITED |
| **Location:** | CITY HALL |
| **Jury:** | NON JURY |
| **Case Type:** | MOTOR VEHICLE ACCIDENT |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

No related cases were found.

## Case Event Schedule

No case events were found.

 ## Case Motions

No case motions were found.

 Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | AIGELDINGER III, ALLAN J |
| **Address:** 19 S 21ST ST PHILADELPHIA PA 19103 (215)569-4488 ajaigeldinger@hotmail.com | | | **Aliases:** | *none* |
| | | | | |
| 2 | 1 | | PLAINTIFF | VAUGHN, MALYFE |
| **Address:** 2716 W. CABOT STREET APARTMENT #2 PHILADELPHIA PA 19121 | | | **Aliases:** | *none* |
| | | | | |
| 3 | | | DEFENDANT | DOUCETTE, JOHN |
| **Address:** 30070 GINGER COURT NORTH OLMSTED OH 44070 | | | **Aliases:** | *none* |
| | | | | |
| 4 | | | DEFENDANT | DOE 1-3, JOHN |
| **Address:** UNKNOWN PHILADELPHIA PA 19103 | | | **Aliases:** | *none* |
| | | | | |
| 5 | | | DEFENDANT | JOHN DOE CORPORATION 1-3 |
| **Address:** UNKNOWN PHILADELPHIA PA 19103 | | | **Aliases:** | *none* |
| | | | | |
| 6 | | | MOTION ASSIGNMENT JUDGE | KISIELEWSKI, BRIAN |
| **Address:** RM. 692 CITY HALL BROAD AND MARKET STS. PHILADELPHIA PA 19107 | | | **Aliases:** | *none* |
| | | | | |
| 7 | | | TEAM LEADER | ROBERTS, JOSHUA |
| **Address:** 538 CITY HALL PHILADELPHIA PA 19107 | | | **Aliases:** | *none* |

Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|

| 16-JUN-2026 11:19 AM | ACTIVE CASE | | |
|---|---|---|---|

| **Docket Entry:** | E-Filing Number: 2606038131 |
|---|---|

| 16-JUN-2026 11:19 AM | COMMENCEMENT OF CIVIL ACTION | AIGELDINGER III, ALLAN J | |
|---|---|---|---|

| **Documents:** | 📄 *Click link(s) to preview/purchase the documents*<br>Final Cover | 🛒 Add All to Cart |
|---|---|---|

| **Docket Entry:** | *none.* |
|---|---|

| 16-JUN-2026 11:19 AM | COMPLAINT FILED NOTICE GIVEN | AIGELDINGER III, ALLAN J | |
|---|---|---|---|

| **Documents:** | 📄 *Click link(s) to preview/purchase the documents*<br>20260612142350.pdf | 🛒 Add All to Cart |
|---|---|---|

| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. |
|---|---|

| 16-JUN-2026 11:19 AM | WAITING TO LIST CASE MGMT CONF | AIGELDINGER III, ALLAN J | |
|---|---|---|---|

| **Docket Entry:** | *none.* |
|---|---|

| 14-JUL-2026 01:59 PM | AFFIDAVIT OF SERVICE FILED | AIGELDINGER III, ALLAN J | |
|---|---|---|---|

| **Documents:** | 📄 *Click link(s) to preview/purchase the documents*<br>20260714125307.pdf | 🛒 Add All to Cart |
|---|---|---|

| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON JOHN DOUCETTE BY CERTIFIED MAIL,FIRST CLASS REGULAR MAIL ON 06/25/2026 FILED. (FILED ON BEHALF OF MALYFE VAUGHN) |
|---|---|

^ Go to Top



🏠 Philadelphia Courts

Questions regarding cases listed on this site can be directed to the Trial Division - Civil Administration at ✉
civiladminsupport@courts.phila.gov and 📞 (215) 686-8326 or the Office of Judicial Records - Civil at ✉
OJRCivil@courts.phila.gov and 📞 (215) 686-6652.

User Accepts/Agrees to *Disclaimer.*